IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN IACONA and
ROBERT WEYMOUTH,

      Appellants,

v.

HOMETOWN REHOBOTH BAY, LLC,

      Appellee.

C.A. No. S17A-04-001 RFS

## ORDER

Submitted: 8/23/2019
Decided: 9/27/2019

Olga K Beskrone, Esq., 100 W. 10th Street, Suite 801, Wilmington DE 19801, Attorney for Appellants.

Michael P Morton, Esq., 3704 Kennett Pike, Suite 200, Greenville DE 19807, Attorney for Appellee.

## I.  INTRODUCTION

Before the Court is Appellants' Motion to Supplement the Record. For the following reasons, the Motion is Denied.

## II. FACTUAL AND PROCEDURAL HISTORY

John Iacona and Robert Weymouth ("Appellants") challenged a rent increase imposed by Hometown Rehoboth Bay, LLC ("HRB"), the managing entity of the community in which Appellants are tenants, under the Manufactured Homeowners and Manufactured Community Owners Act ("Rent Justification Act").[1] Following the Arbitrator's decision finding justification

---

[1] 25 *Del.C.* § 7040.

1

for the rent increase, Appellants appealed to this Court.[2] On June 20, 2019, Appellants filed their Motion to Supplement the Record, seeking to introduce evidence not previously considered by the Arbitrator.

At the arbitration hearing, both parties offered witnesses and exhibits in support of their arguments. The Arbitrator concluded that, based on the testimony of HRB's witness and the materials offered to the homeowners at the community meetings, HRB met their burden to disclose all material factors in writing to the homeowners at the final meeting.[3] Though Appellants disputed some of the testimony, they did not offer contrary evidence.

Appellants argue that HRB failed to disclose material information upon their request. They now move to have evidence of HRB's failure to disclose entered into the record. Appellants did not offer this evidence before the Arbitrator.[4]

Appellants now wish to expand the record to provide evidence that HRB failed to disclose material factors upon their request. In response to Appellants' motion, HRB has moved to strike Appellants' Supplemental Opening Brief, Supplemental Reply Brief, and Motion to Supplement the Record, arguing that they rely on matters not part of the record before this Court.

## II.  ANALYSIS

Pursuant to section 7044, "the appeal shall be on the record and the Court shall address written and/or oral arguments of the parties as to whether the record created in the arbitration is sufficient justification for the arbitrator's decisions and whether those decisions are free from

---

[2] Section 7044 allows the affected home owner to appeal the decision of the arbitrator to the Superior Court in the county of the affected community. 25 *Del.C.* § 7044.

[3] Section 7043 requires the community owner to disclose information supporting the reasons for the rent increase. 25 *Del.C.* § 7043(b).

[4] The Arbitrator wrote, "Petitioners contend that Respondent failed to disclose all material factors resulting in the decision to increase the rent. However, Petitioners offered no witness, no testimony, and no documentation to rebut the testimony offered by Respondent's witness...." Arbitration Order, March 6, 2017.

2

legal error."[5] Appellants argue that they were denied material information requested before and at the arbitration. As noted by the Arbitrator, they did not offer any evidence to rebut the materials and testimony provided by HRB. With no evidence of such a demand before the Arbitrator, this Court must rely on the record created in the arbitration.[6]

Appellants had the opportunity to enter the evidence they now wish to get into the record at the time of arbitration. The Arbitrator must make a decision based on the evidence before him. This Court, on appeal, must determine whether the record created in the arbitration supports the Arbitrator's decision and that decision is free from legal error.[7] The evidence was available and Appellants failed to bring it in front of the Arbitrator when they had the opportunity. They cannot get the evidence in at this stage and have this Court consider evidence not initially considered in arbitration.[8]

In *Donovan Smith HOA v Donovan Smith MHP*, both the Superior Court and the Supreme Court rejected the homeowners' argument that the evidence was insufficient because the community owner did not present evidence on the cost of the improvements.[9] The Court found that the homeowners in that case failed to fairly present their argument before the

---

[5] 25 *Del.C.* § 7044.

[6] "[T]he arbitrator correctly followed the Rent Justification Act's standards to conclude—based on the evidence that was before him—that the increase in costs satisfied the directly related requirement. That conclusion was supported by substantial record evidence, and the Superior Court erred by refusing to 'accord deference to the arbitrator.'" *Sandhill Acres MHC, LC v. Sandhill Acres Home Owners Ass'n*, 210 A.3d 725, 730–31 (Del. 2019) (quoting *Donovan Smith HOA v. Donovan Smith MHP, LLC*, 190 A.3d 997 (Del. 2018)).

[7] 25 *Del.C.* § 7044.

[8] "Evidentiary hearings are critical to the efficient procession of justice, and appellate courts are rightly hesitant to second-guess the initial fact finder on the basis of arguments not fairly presented." *Donovan Smith HOA v. Donovan Smith MHP, LLC*, 190 A.3d 997 (Del. 2018).

[9] "'Although the [community owner] did not present evidence on what these improvements cost, the arbitrator was charged with addressing the evidence in front of him and making fair inferences from it,' with '[o]ne fair inference' being 'that adding a driveway to each unit involved a substantial cost, and that repainting the maintenance building also involved a cost, and that without an increase in rent, the [community owner's] rate of return would have been reduced.'" *Sandhill Acres MHC, LC*, 210 A.3d 730 (quoting *Donovan*, 2018 WL 3360585, at *3).

arbitrator.[10] In *Sandhill Acres MHC, LC v. Sandhill Acres Home Owners Association*, the Supreme Court, again, addressed the homeowners' failure to introduce evidence at arbitration, noting that the arbitrator must address the evidence in front of him.[11]

Relying on the record, this Court finds that Appellants, having the evidence available to them at the time, failed to present their argument at arbitration and they cannot introduce the evidence now. This Court, on appeal, is charged with determining whether the record before the Arbitrator was sufficient.

In response to Appellants' Motion to Supplement the Record, HRB has also moved to strike Appellants' Supplemental Opening Brief and Supplemental Reply Brief, claiming they contain information not originally in the record. Appellants' briefs attempt to get into the record the evidence addressed in the Motion to Supplement the Record. Both briefs assert arguments that rely on the additional evidence that this Court has denied adding into the record.

This Court accepts Appellee's argument that the briefs must be stricken. Because the evidence was not presented at arbitration and this Court relies on the record created below, the additional exhibits offered – Exhibit H, Exhibit I, Exhibit J – and any reference to them must be

---

[10] *See Donovan Smith HOA*, 190 A.3d 997 ("We see no basis in the record to conclude that the Homeowners fairly presented the arbitrator with a request to require the Landowner to produce copies of its underlying books and records, or that the Homeowners argued before their closing argument, when the record was closed, that the Landowner was obligated to do so.").
[11] *Sandhill Acres MHC, LC*, 210 A.3d at 730.

4

stricken.[12] Appellants' arguments rely on this evidence throughout both of the briefs. Therefore, Appellants' Supplemental Opening Brief and Reply Brief will be stricken.[13]

## V. CONCLUSION

Considering the foregoing, Appellants' Motion to Supplement the Record is *Denied*. Because the Motion to Supplement the Record is denied, HRB's Motion to Strike Appellants' Motion to Supplement the Record is denied as moot. Furthermore, for the reasons stated, Appellee's motions to strike Appellant's briefs are *Granted*. Therefore, as a result of the Court's order, Appellants have 30 days to resubmit their brief, omitting the arguments based on the excluded evidence.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

---

[12] Appellants had these emails available at the time of arbitration and failed to present them to the Arbitrator. "Documents and exhibits introduced into evidence at trial are a part of the record. Similarly, materials and exhibits offered, but not admitted, into evidence and usually marked only for identification are a part of the record on appeal for determination of their admissibility. Exhibits introduced into evidence, but later withdrawn, may be considered part of the record on appeal if they contributed to the trial court's decision. Materials not offered into evidence are not a part of the record, unless considered by the trial court and necessary to disposition on appeal." *Delaware Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del. 1997).

[13] "[T]he opening brief contains numerous allegations, arguments and evidence that were not part of the hearing before the Board. Because this material is present throughout the brief, the Court cannot simply strike the offending sections and decide the appeal on the remaining sections." *Oakes v. Chrysler Corp.*, 1999 WL 167778, at *2 (Del. Super. Ct., 1999).